UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VICTORIA SOBOLESKI, on behalf of herself and others similarly situated,<br><br>            Plaintiff,<br>   v.<br><br>TERRASCEND CORP.,<br><br>            Defendant. | Case No.: 4:25-cv-11763-FKB-DRG |

**DEFENDANT TERRASCEND CORP.'S ANSWER AND AFFIRMATIVE DEFENDSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

**Nature of the Action**

1. Defendant admits that Plaintiff purports to bring this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Defendant denies all remaining allegations in this paragraph and denies that Plaintiff or the putative class members are entitled to any relief whatsoever against Defendant.

2. Defendant denies the allegations in paragraph 2 of the Complaint.

**Jurisdiction and Venue**

3. The allegations in paragraph 3 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies them.

4. The allegations in paragraph 4 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies them.

5. Defendant denies the allegations in paragraph 5 of the Complaint.

## Parties

6. Defendant is without knowledge or information sufficient to form a belief about the allegations in paragraph 6 and therefore denies them.

7. Defendant admits that it is a Delaware corporation. Defendant denies all remaining allegations in paragraph 7.

## Factual Allegations

8. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 and therefore denies them.

9. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 and therefore denies them.

10. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 and therefore denies them.

11. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 and therefore denies them.

12. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 and therefore denies them.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant admits that paragraph 14 references text messages, which speak for themselves. Defendant denies the remaining allegations in paragraph 14 of the Complaint.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 and therefore denies them.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 and therefore denies them.

20. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 and therefore denies them.

21. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 and therefore denies them.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

**Class Action Allegations**

23. Defendant admits that Plaintiff purports to bring this action as a class action. Defendant denies that this case is an appropriate vehicle for class treatment and denies all remaining allegations in paragraph 23.

24. Defendant admits that Plaintiff purports to exclude persons from the class identified in paragraph 23. Except as expressly admitted herein, Defendant denies the allegations in this paragraph and denies that the putative class can be certified.

25. Defendant denies the allegations in paragraph 25 of the Complaint and specifically denies that the putative class can be certified.

26. Defendant denies the allegations in paragraph 26 of the Complaint and specifically denies that the putative class can be certified.

27. Defendant denies the allegations in paragraph 27 of the Complaint and specifically denies that the putative class can be certified.

28. Defendant denies the allegations in paragraph 28 of the Complaint and specifically denies that the putative class can be certified.

29. Defendant denies the allegations in paragraph 29 of the Complaint and specifically denies that the putative class can be certified.

30. Defendant denies the allegations in paragraph 30 of the Complaint and specifically denies that the putative class can be certified.

31. Defendant denies the allegations in paragraph 31 of the Complaint and specifically denies that the putative class can be certified.

32. Defendant denies the allegations in paragraph 32 of the Complaint and specifically denies that the putative class can be certified.

33. Defendant denies the allegations in paragraph 33 of the Complaint and specifically denies that the putative class can be certified.

34. Defendant denies the allegations in paragraph 34 of the Complaint and specifically denies that the putative class can be certified.

35. Defendant denies the allegations in paragraph 35 of the Complaint and specifically denies that the putative class can be certified.

36. Defendant denies the allegations in paragraph 36 of the Complaint and specifically denies that the putative class can be certified.

37. Defendant denies the allegations in paragraph 37 of the Complaint and specifically denies that the putative class can be certified.

38. Defendant denies the allegations in paragraph 38 of the Complaint and specifically denies that the putative class can be certified.

39. Defendant denies the allegations in paragraph 39 of the Complaint and specifically denies that the putative class can be certified.

40. Defendant denies the allegations in paragraph 40 of the Complaint and specifically denies that the putative class can be certified.

41. Defendant denies the allegations in paragraph 41 of the Complaint, including the subparagraphs therein, and specifically denies that the putative class can be certified.

42. Defendant denies the allegations in paragraph 42 of the Complaint and specifically denies that the putative class can be certified.

43. Defendant denies the allegations in paragraph 43 of the Complaint and specifically denies that the putative class can be certified.

44. Defendant denies the allegations in paragraph 44 of the Complaint and specifically denies that the putative class can be certified.

45. Defendant denies the allegations in paragraph 45 of the Complaint and specifically denies that the putative class can be certified.

46. Defendant denies the allegations in paragraph 46 of the Complaint and specifically denies that the putative class can be certified.

47. Defendant denies the allegations in paragraph 47 of the Complaint and specifically denies that the putative class can be certified.

48. Defendant denies the allegations in paragraph 48 of the Complaint and specifically denies that the putative class can be certified.

49. Defendant denies the allegations in paragraph 49 of the Complaint and specifically denies that the putative class can be certified.

50. Defendant denies the allegations in paragraph 50 of the Complaint and specifically denies that the putative class can be certified.

## Count I
## Violation of 47 U.S.C. § 227(c)(5)

51. Defendant incorporates by reference all prior responses as if fully set forth herein.

52. The allegations in paragraph 52 state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations quote or cite provisions of FCC rulings, which speak for themselves. Defendant denies all remaining allegations and specifically denies any wrongdoing.

53. The allegations in paragraph 53 state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations quote cases interpreting the TCPA, which speak for themselves. Defendant denies the allegations, and specifically denies that a text message is a "call" under the TCPA.

54. The allegations in paragraph 54 state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations quote or cite 47 C.F.R. § 64.1200, which speaks for itself. Defendant denies all remaining allegations and specifically denies any wrongdoing.

55. The allegations in paragraph 55 state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations quote or cite 47 C.F.R. § 64.1200, which speaks for itself. Defendant denies all remaining allegations and specifically denies any wrongdoing.

56. The allegations in paragraph 56 state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations quote or cite the TCPA, which speaks for itself. Defendant denies all remaining allegations and specifically denies any wrongdoing.

57. The allegations in paragraph 57 state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations quote or cite 47 C.F.R. § 64.1200, which speaks for itself. Defendant denies all remaining allegations and specifically denies any wrongdoing.

58. The allegations in paragraph 58 state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations quote or cite the TCPA, which speaks for itself. Defendant denies all remaining allegations and specifically denies any wrongdoing.

59. Defendant denies the allegations in paragraph 59.

## Prayer for Relief

Defendant denies Plaintiff's "Prayer for Relief," including all subparagraphs a) through j), and specifically denies that Defendant violated the TCPA in any manner, that Plaintiff is entitled to class certification, or that Plaintiff or the putative class are entitled to any damages, fees, or other relief whatsoever.

## Jury Demand

Defendant denies that any allegations state triable issues against it.

## Affirmative Defenses

Defendant hereby asserts the following defenses to the claims and allegations set forth in the Complaint. By asserting these defenses, Defendant does not admit that it bears the burden of proof or the burden of persuasion with respect to any particular defense.

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

The Complaint fails to allege facts sufficient to state a cause of action against Defendant. For example, text messages are not actionable under 227(c).

7

## SECOND AFFIRMATIVE DEFENSE
### (No Agency or Vicarious Liability and Proportional Allocation of Fault)

Any damages, injury, violation, or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Defendant cannot be held vicariously liable. Further, Defendant did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct of which the Complaint complains and cannot be held liable for it. For example, Defendant did not transmit the messages in question, nor did it have any supervisory authority over the responsible party. As such, Defendant cannot be held vicariously liable and its liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to third parties or Plaintiff.

## THIRD AFFIRMATIVE DEFENSE
### (Not a Residential Number)

Any and all claims brought in the Complaint are barred to the extent Plaintiff and/or putative class members were not contacted by Defendant at a residential number.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Join Party or Name Proper Defendant)

Any and all claims brought in the Complaint are barred, in whole or in part, by failure to join a necessary or indispensable party, and the failure to name the proper defendant.

## FIFTH AFFIRMATIVE DEFENSE
### (Consent)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part to the extent the messages at issue were made with the recipients' prior express permission and/or consent and that consent was either irrevocable or was not effectively revoked.

## SIXTH AFFIRMATIVE DEFENSE
### (Acquiescence, Estoppel, Waiver, Fraud, Conspiracy and Unclean Hands)

Plaintiff is barred from asserting her claims, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, and/or unclean hands. For example, Plaintiff cannot assert claims

8

under the TCPA against Defendant to the extent she reassigned her phone number for the sole purpose of manufacturing TCPA liability.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by their failure to mitigate damages.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Lack of Personal Jurisdiction)**

Plaintiff's claims fail because this Court lacks personal jurisdiction over Defendant. Defendant is not subject to the general personal jurisdiction of this court because it is not "at home" in Michigan. Nor is it subject to specific personal jurisdiction because Defendant did not purposefully avail itself of this forum.

**NINTH AFFIRMATIVE DEFENSE**
**(Subject to Terms of Service, Including Consent and Arbitration)**

To the extent that Plaintiff and the putative class agreed to or are otherwise bound by certain terms and conditions, their claims are barred by their contractual consent to receive messages like those Plaintiff complains of, an agreement to arbitrate their claims on individual bases, and their agreement to exclusive remedies and damages limitations.

**TENTH AFFIRMATIVE DEFENSE**
**(No Knowing or Willful Misconduct)**

Any claim for treble damages is barred because Defendant did not engage in knowing or willful misconduct.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(No Proximate Cause)**

Defendant did not proximately cause any damages, injury, or violation alleged in the Complaint. Instead, to the extent any harm occurred, the acts of third parties (such as separate

9

entities, vendors, Plaintiff, or other persons who provided the number on which Plaintiff was allegedly contacted) proximately caused any damages, injuries, or violations at issue, to the extent they occurred.

### TWELFTH AFFIRMATIVE DEFENSE
### (Standing)

Plaintiff and the putative class members lack standing to bring the claims alleged in the Complaint. For example, the harm allegedly caused by the alleged messages at issue is not fairly traceable to any violation allegedly committed by Defendant, pursuant to *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), and *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015). That is particularly true here because the messages were transmitted by a third party and a third party supplied the number on which Plaintiff was allegedly contacted. Furthermore, to the extent Plaintiff reassigned her phone number to manufacture TCPA liability, she lacks statutory standing to sue under the TCPA.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Fault of Third Parties)

To the extent that the Complaint states a claim, third parties or Plaintiff herself caused or were responsible for the alleged harm.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (First Amendment)

The TCPA and the regulations and rules, interpretations, and other rulings promulgated thereunder violate the First Amendment of the United States Constitution. For example, they impose content-based restrictions on speech that fail to withstand strict scrutiny.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Due Process)**

The application of the TCPA upon which the Complaint is based, including the imposition of statutory damages on Defendant, would violate the Due Process provisions of the United States Constitution. For example, certain definitions contained in the TCPA render the statute unconstitutionally vague. Additionally, the statutory penalties sought by Plaintiffs are excessive.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Substantial Compliance with Laws)**

Defendant is not liable to Plaintiff because it acted reasonably and with due care, enacting policies to prevent unwanted solicitations and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Compliance with 47 C.F.R. § 64.1200(c)(2)(i))**

Any and all claims brought in the Complaint are barred in whole or in part because any violation of the TCPA occurred as a result of error, and, as part of its routine business practice, Defendant meets the standards set forth in 47 C.F.R. § 64.1200(c)(2)(i).

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Established Business Relationship)**

Any and all claims brought in the Complaint are barred to the extent Plaintiff and/or putative class members had business relationships with Defendant.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Good Faith; Reasonable Practices)**

Any and all claims brought in the Complaint are barred because Defendant possessed a good faith belief that it was not committing any wrongdoing and any violations resulted from a *bona fide* error, despite reasonable practices to prevent violations of the TCPA and related regulations.

### TWENTIETH AFFIRMATIVE DEFENESE
### (FCC Exceeding Delegated Authority)

Plaintiff and/or putative class members' TCPA claims are barred to the extent they are based on regulations or rulings that exceed the FCC's delegated authority.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Class Action Deficiencies)

Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action. Further, Defendant hereby gives notice that in the event that this Court certifies a class, which Defendant denies would be appropriate, it reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of such class.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Reservation of Right to Assert Further Defenses)

Defendant has not knowingly or intentionally waived any applicable defenses, and hereby gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action. Defendant reserves the right to amend its Answer to assert any such defense.

Defendant reserves the right to assert additional defenses as discovery progresses. WHEREFORE, Defendant prays for judgment as follows:

1) That Plaintiff take nothing by her Complaint and that judgment be entered in favor of Defendant;

2) That the Complaint be dismissed with prejudice;

3) That the Court award Defendant its costs and reasonable attorneys' fees; and

4) That the Court award such other relief as it deems just and proper.

*[Signature Appears on Following Page]*

Respectfully submitted,

*/s/ Ryan D. Watstein*
Ryan D. Watstein
Watstein Terepka LLP
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Tel: (404) 782-0695
ryan@wtlaw.com

Dated: August 20, 2025

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2025, I caused a true and correct copy of the foregoing to be filed with the Clerk of Court using the CM/ECF system, which will send notice of the electronic filing to all counsel of record.

By: /s/ *Ryan D. Watstein*
Ryan D. Watstein
