# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| VICTORIA SOBOLESKI, *on behalf of herself and others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> TERRASCEND CORP. <br><br> Defendant. | Civil Action No.: 4:25-cv-11763 <br><br> Class Action Complaint <br><br> Jury Trial Demanded |

## JOINT DISCOVERY PLAN/CASE MANAGEMENT ORDER

In accordance with Federal Rule of Civil Procedure 26(f) and the Court's September 4, 2025 Order (ECF No. 7), counsel for the parties submit the following discovery plan.

1. **Statement of the Case**:

    <u>Plaintiff's Statement of the Case</u>: Plaintiff Victoria Soboleski alleges that Defendant TerrAscend Corp. engaged in a pattern of unlawful telemarketing practices in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Specifically, Defendant delivered, or caused to be delivered, multiple unsolicited marketing text messages advertising its cannabis business to Plaintiff's residential cellular number ending in 586-420-XXXX. Plaintiff registered that number with the National Do Not Call Registry on March 27, 2025, yet Defendant sent solicitation texts in April and May 2025, more than 30 days after registration. Plaintiff contends she did not provide consent, that the messages were intended for another person, and that Defendant failed to implement the written policies, procedures, and training required under the TCPA. She seeks to represent a nationwide class of consumers who received multiple solicitation texts from Defendant despite being registered on the National Do Not Call Registry.

1

What the Defendant inaccurately labels a "transparent attempt to manufacture TCPA liability" is anything but. The Plaintiff acquired the telephone number for her minor autistic daughter, and received unwanted messages. If the Defendant had verified that it was contacting the right person or used the Reassigned Number Database, this lawsuit wouldn't exist. The Defendant's victim shaming is misplaced.

If discovery reveals that it is a separate entity of the Defendant that sent the text messages and that they are a proper party, the Plaintiff will amend her complaint appropriately.

The Plaintiff intends to oppose the Defendant's motion for judgment on the pleadings. Section 227(c) bars unsolicited "telephone solicitations," and Congress defined that term to include the initiation of a "telephone call or message … transmitted to any person." 47 U.S.C. § 227(a)(4) (emphasis added). The ordinary meaning of "call" is to communicate by telephone, which comfortably includes SMS/MMS transmissions. Reading "call or message" to encompass texts accords with Congress's privacy purpose—protecting residential subscribers from unwanted solicitations regardless of the transmission format—and prevents easy evasion of the Do-Not-Call Registry by switching from voice to text. For this reason, courts, including following *Mclaughlin*, have held for more than a decade that texts messages are subject to the TCPA.

<u>Defendant's Statement of the Case</u>: Plaintiff Victoria Soboleski is a repeat litigant who has filed at least nine putative class actions over the last year. In March 2025, after filing two lawsuits complaining about text messages she received on her old phone, 586-843-XXXX (the "Original Number"), she reassigned her phone number to 586-420-XXXX (the "Subject Number") and allegedly registered it on the National Do Not Call Registry. Compl. ¶¶ 8–12. This was a transparent attempt to manufacture TCPA liability, hoping to receive messages intended for the previous subscriber. After she received those messages, she initiated this lawsuit.

In her Complaint, she alleges she received text messages to the Subject Number from Defendant TerrAscend Corp., promoting "Gage Cannabis Co.," a marijuana business. Compl. ¶¶ 13–15. Her claims fail for several reasons.

Initially, she fails to allege that she received "more than one **telephone call*[,]*"* a prerequisite to a Section 227(c) private cause of action. Rather, her claims are exclusively based on text messages. And based on the plain language of the TCPA, which was enacted when text messages didn't exist, a text message is not a "telephone call[.]" For the past decades, lower courts erroneously deferred to FCC opinions on this issue. But the Supreme Court recently confirmed the FCC is entitled to no such deference. Rather, district courts must "determine the meaning of the law under ordinary principles of statutory interpretation." *McLaughlin Chiropractic Associates. v. McKesson Corporation*, 606 U.S. 146, 155 (2025); *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 400 (2024) (rejecting agency deference, explaining that "*courts* must decide all relevant questions of law." (internal quotations omitted) (emphasis in original)). In the wake of *McLaughlin*, multiple district courts have concluded that "**under a plain reading, Section 227(c)(5) of the TCPA does not regulate text messages.**" *Jones v. Blackstone Med. Servs., LLC*, 2025 WL 2042764, at *4 (C.D. Ill. July 21, 2025) (emphasis added); *see also Davis v. CVS Pharmacy, Inc.*, 2025 WL 2491195, at *1 (N.D. Fla. Aug. 26, 2025) (same).

Moreover, TerrAscend did not send the messages in question. Gage Cannabis Co. is an independent company that manages its own marketing communications. Gage is operated by independent entities, which, unlike TerrAscend, are licensed to operate a marijuana dispensary in Michigan. Mich. Admin. Code R. 420.104, 420.2, 420.507 (requiring and outlining the process to obtain a license to operate a marijuana dispensary). But Plaintiff didn't sue Gage; she sued its ultimate parent, TerrAscend.

3

Finally, Plaintiff lacks standing to sue for a TCPA violation. In addition to the fact that the injury is not traceable to TerrAscend, Plaintiff intentionally reassigned her phone number to manufacture liability. That precludes finding an Article III injury. *See, e.g.*, *Stoops v. Wells Fargo Bank, N.A.*, 197 F.Supp.3d 782 (2016) (granting summary judgment on Article III standing where evidence showed plaintiff used her phone number for the purpose of running a TCPA business).

With that in mind, TerrAscend asks the Court to stay discovery until it resolves the forthcoming Rule 12 motion.

2. **Principal Factual and Legal Issues**

   - Plaintiff's standing to sue for a TCPA violation.

   - The circumstances surrounding Plaintiff reassigning her phone number from the Original to Subject Number.

   - Whether the text messages are "telephone calls" actionable under Section 227(c) .

   - Whether Plaintiff is a "residential telephone subscriber[.]"

   - Whether the Defendant had prior express written consent under the TCPA.

   - Defendant's relationship with Gage Cannabis Co. and the text messages in question.

   - Whether TerrAscend can be held liable for Gage text messages.

   - Whether Defendant is vicariously liable for the text messages.

   - Whether Defendant and/or third-party entities employed reasonable practices and procedures to comply with the TCPA.

   - Whether the Plaintiff can satisfy Fed. R. Civ. P. 23.

   - Whether Defendant's conduct was willful and knowing, entitling the class to treble damages.

3. **Case Schedule**

The Court should stay discovery until it decides TerrAscend's Rule 12 motion. Courts routinely hold that discovery is inappropriate while a Rule 12 motion is pending. *See generally Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) ("Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."); *Hoosier v. Liu*, 2016 WL 6650386, at *1 (E.D. Mich. Nov. 10, 2016) (staying all discovery pending resolution of Rule 12 challenge). After the Court decides the motion, if necessary, the parties will propose a discovery schedule 14 days thereafter.

4. **Discovery**:

When discovery commences, Plaintiff anticipates seeking from parties and non-parties written and oral discovery including but not limited to (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing; (3) ESI related to any purported consent to receive calls; (4) ESI regarding the dialing systems used to make the calls at issue; (5) contracts and other documents relating to the relationships among Defendant their third-party affiliates and/or other entities and individuals involved in generating purported leads to receive the telemarketing calls at issue; (6) Defendant's policies and procedures concerning TCPA compliance; and (7) telemarketing complaints received by Defendant and their responses thereto.

Defendant: When discovery commences, Defendant will take discovery, including but not limited to: (1) Plaintiff's standing to sue for a TCPA violation; (2) the circumstances surrounding her reassigned phone number; and (3) whether she is a "residential telephone subscriber[.]"

5. **Assertion of Claims of Privilege or Work-Product Immunity After Production**:

The parties do not anticipate any issues regarding claims of privilege or of work product

protection. The Parties intend to submit a proposed protective order within 30 days that will address claw back of any privileged or trial preparation materials under FRE 502(d) and the labeling and handling of any confidential, proprietary and/or financial information.

6. **Alternative Dispute Resolution**:

The parties acknowledge that if they attend a private mediation, they will provide the Court with the mediator's contact information along with the date of the mediation in advance. The parties also acknowledge that the Court reserves the right under Local Rule 16 to order alternative dispute resolution, and recommend that this case be submitted to the following method(s) of alternative dispute resolution:

The parties believe that private mediation may be appropriate as this case proceeds and do not seek a referral for a settlement conference.

7. **Jury or Non-Jury**:

This case is to be tried before a jury because Plaintiff timely demanded a jury trial. The parties will submit their proposed Jury Instructions 28 days before the final pretrial conference.

8. **Length of Trial**:

Counsel estimate the trial will last approximately 6 days total, lasting from 8:30 a.m. to 2:00 p.m. each day, allocated as follows:

- 3 days for Plaintiff's case
- 3 days for Defendant's case

[*signatures on following page*]

Dated: October 2, 2025    PLAINTIFF, on behalf of herself
and others similarly situated,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*/s/ Patrick J. Fitzgerald*
Ryan D. Watstein
Patrick J. Fitzgerald
Watstein Terepka LLP
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Tel: (404) 782-0695
ryan@wtlaw.com
pfitzgerald@wtlaw.com

*Attorneys for Defendant*