# Exhibit B

2025 WL 3275607
Only the Westlaw citation is currently available.
United States District Court, S.D. California.

JOE ESQUIVEL, on behalf of himself and all others similarly situated, Plaintiff,
v.
MONA LEE, INC., Defendant.

Case No.: 3:25-cv-00607-H-BLM
|
Filed 11/24/2025

**Attorneys and Law Firms**

Adrian R. Bacon, Todd M. Friedman, Law Offices of Todd M. Friedman, Calabasas, CA, Max Scott Morgan, Pro Hac Vice, The Weitz Firm, LLC, Philadelphia, PA, for Plaintiff.

Jonathan Joannides, Digital Frontier Law, APC, San Jose, CA, for Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

MARILYN L. HUFF, District Judge UNITED STATES DISTRICT COURT

***1** On March 14, 2025, Plaintiff Joe Esquivel filed a complaint against Defendant Mona Lee Inc. (Doc. No. 1, Complaint.) On July 28, 2025, Defendant filed a motion to dismiss. (Doc. No. 17.) On July 30, 2025, Plaintiff filed a first amended class action complaint ("FAC"). (Doc. No. 19, FAC.) On August 1, 2025, Defendant responded to Plaintiff's FAC with a second motion to dismiss. (Doc. No. 20.) On August 4, 2025, the Court denied Defendant's first motion to dismiss as moot and vacated the hearing set for that motion. (Doc. No. 21.) On August 25, 2025, Plaintiff filed its opposition. (Doc. No. 22.) On August 26, 2025, Defendant filed its reply. (Doc No. 23.) On October 7, 2025, the Court took Defendant's second motion to dismiss under submission. (Doc. No. 26.) For the reasons set forth below, the Court **DENIES** Defendant's motion.

**Background**

As alleged in the FAC, Plaintiff Joe Esquivel is a citizen and resident of California and Defendant Mona Lee Inc. is a Delaware corporation headquartered in Massachusetts. (Doc. No. 19, FAC, ¶¶ 8–10.) On February 2, 2024, Plaintiff allegedly registered his telephone number ending in 4489 on the national do-not-call registry. (Doc. No. 19, FAC, ¶ 35.) From November 5, 2024 to November 22, 2024, Defendant sent Plaintiff text messages regarding its solar products and services. (Doc. No. 19, FAC, ¶ 39.) These messages included responses to inquiries, prompts to schedule phone consultations, reminders for scheduled phone consultations, and an advertisement for Black Friday deals. (Doc. No. 19, FAC, Ex. A.) Plaintiff further alleges that Defendant either did not have written do-not-call policies, had policies that did not comply with the minimum requirements of the TCPA, 47 C.F.R. § 64.1200(d), or did not properly implement such policies at the time of the texts. (Doc. No. 19, FAC, ¶ 47.)

Defendant moves to dismiss on the ground that Section 227(c)(5) of the TCPA does not provide a private right of action for Plaintiff because text messages are not "telephone solicitations" or "calls" under the TCPA. (Doc. No. 20.) Additionally, in the alternative, Defendant argues that the text messages are responses to inquiries within the scope of an "established business relationship." (Doc. No. 20.) Plaintiff's opposition argues that Section 227(c)(5) grants him a private right of action because text messages constitute "telephone solicitations" and "calls" under the TCPA. In addition, Plaintiff also alleges that he sufficiently

pled facts regarding Defendant's solicitation and that Defendant's factual arguments are premature for a motion to dismiss. (Doc. No. 22.) The Court addresses each argument in turn.

## Discussion

### I. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court may grant a Rule 12(b)(6) motion to dismiss only if the motion lacks "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint sufficient on its face need not give "detailed factual allegations," but it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555. When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. Los Angeles Lakers, Inc. v. Fed. Ins. Co., 869 F.3d 795, 800 (9th Cir. 2017). However, a court need not accept legal conclusions as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### II. Scope of Section 227 and Text Messages

**\*2** Defendant argues under statutory construction that a text message does not constitute a telephone solicitation or call under the TCPA. (Doc. No. 20.) In opposition, Plaintiff cites case law including Ninth Circuit authority and FCC guidance that a text message constitutes a telephone solicitation and call under the TCPA. (Doc No. 22.)

Congress enacted the TCPA "to address a growing number of telephone marketing calls and certain telemarketing practices thought to be an invasion of consumer privacy ..." In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991, 18 F.C.C. Rcd. 14014, 14018 (June 26, 2003). To that end, Section 227(c) "protect[s] residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1). Section 227(c)(5) provides a private right of action against solicitations violating the national do-not-call registry to any person who receives "more than one telephone call within any 12-month period by or on behalf of the same entity in violation of" 47 C.F.R. § 64.1200(c). 47 U.S.C. § 227(c)(5); see Barton v. JMS Assoc. Mktg., LLC, 2023 WL 2009925 (9th Cir. Feb. 15, 2023) (finding a private right of action under Section 227(c)(5) for violation of Section 64.1200(c)(2)). Both Section 227(a)(4) and Section 64.1200(f)(15) define telephone solicitation as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(f)(15).

Supreme Court and Ninth Circuit precedent conclude that text messages qualify as calls under the TCPA. The Supreme Court explicitly held in Campbell-Ewald Co. v. Gomez that "[a] text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of § 227(b)(1)(A)(iii)." 577 U.S. 153, 156 (2016). Ninth Circuit precedent echoes the same, such as in Satterfield v. Simon & Schuster, Inc. where the panel held that "a text message is a 'call' within the meaning of the TCPA." 569 F.3d 946, 952 (9th Cir. 2009). The Ninth Circuit elaborated on this in Van Patten v. Vertical Fitness Group, LLC, where it explained that "telemarketing text messages [ ], absent consent, present the precise harm and infringe the same privacy interests Congress sought to protect in enacting the TCPA." 847 F.3d 1037, 1043 (9th Cir. 2017) ("Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients."). More recently, the Ninth Circuit has held that unwanted text messages qualify as an injury in fact sufficient to confer standing for a TCPA claim. See Hall v. Smosh Dot Com, Inc., 72 F.4th 983, 988 (9th Cir. 2023); Van Patten, 847 F.3d at 1043; Chennette v. Porch.com, Inc., 50 F.4th 1217, 1221 (9th Cir. 2022). Plaintiff has alleged in its FAC that Defendant's text messages were in contravention of both Plaintiff's do-not-call registration and repeated requests to stop. (Doc. No. 19, FAC, ¶¶ 1–3, 36–47; Ex. A.)

Additionally, FCC guidance states that text messages constitute calls under the TCPA. Within both Section 227(b) and Section 227(c), Congress codified a grant of authority to the FCC to prescribe regulations guiding the enforcement of the TCPA. 47

Case 4:25-cv-11763-FKB-DRG  ECF No. 19-2, PageID.174  Filed 12/16/25  Page 4 of 5
JOE ESQUIVEL, on behalf of himself and all others similarly..., Slip Copy (2025)
2025 WL 3275607

U.S.C. §§ 227(b)(2); 227(c)(1)–(4). A 2024 FCC regulation explicitly confirmed that Section 227(c) applies to text messages, stating "[t]he Commission adopts the proposal to codify the National DNC Registry's existing protections to text messages. Texters must have the consumer's express invitation or permission before sending a marketing text to a wireless number in the DNC Registry." Targeting and Eliminating Unlawful Text Messages, Implementation of the Telephone Consumer Protection Act of 1991, Advanced Methods to Target and Eliminate Unlawful Robocalls, 89 Fed. Reg. 5098, 5101 (Jan. 26, 2024). The adoption came shortly after, effective March 26, 2024, amending Section 64.1200(e) to state that "paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls or text messages to wireless telephone numbers ..." 47 C.F.R. § 64.1200(e); Targeting and Eliminating Unlawful Text Messages, 89 Fed. Reg. at 5099.

**\*3** Defendant states that "[a]s the Supreme Court reaffirmed in Loper Bright, the judiciary—not the executive branch—must interpret statutes in accordance with their text, and that while courts once deferred to the Federal Communications Commission's expansive interpretation of 'call,' such deference is no longer required." (Doc. No. 20 (citing Loper Bright Enters. v. Raimondo, 603 U.S. 369 (2024); McLaughlin Chiropractic Assocs. v. McKesson Corp., 606 U.S. 146 (2025).) Loper Bright and McLaughlin did not wholly abrogate FCC guidance. And significantly, McLaughlin did not examine the issue in this motion of whether a text message qualifies as a call under the TCPA. See McLaughlin, 606 U.S. at 146 (holding that "[t]he Hobbs Act does not bind district courts ... to an agency's interpretation of a statute.").

Although FCC guidance is no longer binding on district courts, its regulations can still inform a district court's analysis. Before its 2024 clarification, the FCC issued at least two regulations stating that texts are covered under the TCPA. See 2003 Rules & Reguls., 18 F.C.C. Rcd. at 14115 ("We affirm that under the TCPA, it is unlawful to make any call using an automatic telephone dialing system or an artificial or prerecorded message to any wireless telephone number ... [t]his encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls"); In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991, 30 F.C.C. Rcd. 7961 ¶ 107 (July 10, 2015) ("Glide raises the issue of whether SMS text messages are subject to the same consumer protections under the TCPA as voice calls. We reiterate that they are.").

Given the language of the TCPA, precedent, and FCC regulatory guidance, the Court concludes that Plaintiff's allegations regarding Defendant's text messages rise to a cause of action under Section 227(c)(5).

### III. Section 227(a)(4) Exception

Defendant also argues that the text messages at issue do not constitute telephone solicitations because they fall under one of Section 227(a)(4)'s exceptions. Section 227(a)(4)(B) states that "telephone solicitation" "does not include a call or message to ... any person with whom the caller has an established business relationship." 47 U.S.C. § 227(a)(4)(B). Section 64.1200(f)(5) elaborates that an established business relationship is a "prior or existing relationship formed by a voluntary two-way communication between a person or entity and a residential subscriber with or without an exchange of consideration ... on the basis of the subscriber's inquiry or application regarding products or services offered by the entity within the three months immediately preceding the date of the call." 47 C.F.R. § 64.1200(f)(5).

In opposition, Plaintiff argues that Defendant's factual arguments misconstrue the allegations in the complaint and are premature in a motion to dismiss. (Doc. No. 22.) Plaintiff cites to the allegations of the FAC the requests it made to Defendant to cease communication:

- "Stop"

- "Mona Lee stop sending me messages."

- "Stop I don't appreciate it."

- "I didn't request any appointments with your company so stop sending me messages please, the time that you message me it's too early, please have considerations of others, and why do you want with my utility bill? That's private [information] and

not for me to discuss with you!! Who are you looking for? Can you disconnect every communication with your Company because I have no business with you at all. Did someone send you to bother me with your texts?"

- "Unsubscribe me please, I didn't request any inquiries on your business."

**\*4**  • "Unsubscribe me, I never signed up for your text, so stop."

(Doc. No. 22 (quoting Doc. No. 19, FAC, Ex. A).)

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. Los Angeles Lakers, 869 F.3d at 800. Defendant argues that all its text messages to Plaintiff were sent pursuant to their established business relationship. (Doc. No. 20.) To support this, Defendant points out that the content of its automated text messages "support[s] a reasonable inference that they were sent in response to a ... inquiry or application." (Doc. No. 20 (emphasis removed).) Defendant's argument that such messages were sent in response to Plaintiff's inquiries is not apparent from the allegations in the FAC. And Plaintiff alleges in the FAC that he continuously received text messages from Defendant despite requesting that Defendant stop. (Doc. No. 19, FAC, ¶ 36–47.) The precise nature and context of the text messages is a factual matter for discovery and better suited for a motion for summary judgment when the record is more developed.

## Conclusion

For the foregoing reasons, the Court **DENIES** Defendant Mona Lee Inc.'s motion to dismiss. The Court orders Defendant to file an answer within 30 days of the date of this order.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2025 WL 3275607

---

End of Document © 2025 Thomson Reuters. No claim to original U.S. Government Works.