UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VICTORIA SOBOLESKI, on behalf of herself and others similarly situated,<br><br>　　　　　Plaintiff,<br>　v.<br><br>TERRASCEND CORP.,<br><br>　　　　　Defendant. | Case No.: 4:25-cv-11763-FKB-DRG<br><br>District Judge F. Kay Behm<br><br>Magistrate Judge David R. Grand |

### DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant TerrAscend files this Notice of Supplemental Authority, supporting its Motion for Judgment on the Pleadings and Reply in Support (ECF Nos. 9, 21).

**A. Courts holding that "telephone call" does not include text messages**.

Initially, since TerrAscend filed its reply, multiple courts have held that the term "telephone call" does not include text messages, so texts are not actionable under § 227(c)(5).

First, in *Stockdale v. Skymount Property Group, LLC*, the Northern District of Ohio granted a motion to dismiss because text messages are not actionable under the plain meaning of § 227(c)(5). 2026 WL 591842, at *2 (N.D. Ohio Mar. 3, 2026), attached as Exhibit 1. The court explained that based on the contemporary definition of "telephone" *and* "call," the term "could not include modern-day text messages because text messages do not use a telephone to reproduce sounds at a distance." *Id.* at *3. Further, because "the language of the statute is clear, the Court's analysis stops." *Id.* at *4 (citing *United States v. Choice*, 201 F.3d 837, 840 (6th Cir. 2000)).

The court refused to defer to FCC authority, explaining:

1

> The Court acknowledges, however, that its decision—as dictated by *Loper Bright* and *McLaughlin*—arguably stands in contrast to decades of FCC agency interpretations, court decisions, and even congressional intent. Such contradictory decisions are the natural consequence of the Supreme Court overruling *Chevron, U.S.A, Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 865–66 (1984) and creating a gap between long-standing agency interpretations that Congress may have presumed to be valid and the plain text of statutes. But it is for Congress—not this Court— to fill those gaps in the wake of *Chevron*'s reversal.

*Id.*

Next, in *Radvansky v. Kendo Holdings, Inc.*, the Northern District of Georgia applied similar reasoning when it granted a motion for judgment on the pleadings. 23-cv-00214 (N.D. Ga. Feb. 12, 2026) (May, J.), attached as Exhibit 2. The court explained that, in light of *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, "this Court must independently—and without deference to the FCC's decision—evaluate Defendant's argument that the term 'telephone call' excludes text messages." *Id.* (citing *McLaughlin*, 606 U.S. 146, 155 (2025)).

Turning to the plain language, the court held that "the statutory text here is clear, and a text message is not a 'telephone call.'" *Id.* at 4 (internal quotations omitted). The court further rejected plaintiff's argument that broader language elsewhere in the TCPA, like §§ 227(a)(4) and 227(b), expanded the term "telephone call" in § 227(c)(5). Instead, the court confirmed "Congress's decision to use a different term in a neighboring provision only undermines [Plaintiff's] position" because "[i]t shows that Congress does not use the term 'telephone call' to encompass all 'messages.'" *Id.* at 5–7 (internal quotations omitted).

Finally, in *Radvansky v. 1-800-FLOWERS.COM*, another judge in the Northern District of Georgia granted a motion to dismiss, agreeing that § 227(c)(5)

2

does not apply to text messages.  2026 WL 456919, at *4 (N.D. Ga. Feb. 17, 2026) (Thrash, J.), attached as Exhibit 3. The court first acknowledged that in the wake of *McLaughlin* and *Loper-Bright v. Raimondo*, "[t]his sea change in the legal landscape has left district courts to decide, with fresh eyes, whether § 227(c)(5)'s reference to 'telephone call[s]' also encompasses text messages." (citing *McLaughlin*, 606 U.S. at 155 and *Loper-Bright*, 603 U.S. 369 (2024)).

Turning to the text, the court explained: "[t]he statutory text here is clear that only telephone calls are actionable under § 227(c)(5), not text messages." *Id.* at *3. Reviewing the decisions that expanded "telephone call" to include text messages, the court commented:

> [T]he reasoning underlying these decisions is inherently flawed. For example, in *Alvarez v. Fiesta Nissan, Inc.*, 2026 WL 202930 (S.D. Tex. Jan. 26, 2026), the district court acknowledged that "no ordinary person would use the word 'telephone call' to refer to a text message" before concluding that "a usage which seems obvious now is not always a reflection of the original meaning of the statute," even though **text messages did not yet exist when the statute was originally enacted**. *Alvarez*, 2026 WL 202930, at *4. In *Wilson v. MEDVIDI Inc.*, 2025 WL 2856295, (N.D. Cal. Oct. 7, 2025), the district court **reached beyond the statute's plain text** to find support for its conclusion in a **2024 edition of Black's Law dictionary**, which **defies both the first rule of statutory interpretation** and *Loper Bright'*s instruction that a statute's meaning is fixed at the time of enactment. *Wilson*, 2025 WL 2856295, at *2; . . . And in *Mujahid v. Newity*, LLC, 2025 WL 3140725 (N.D. Ill. Nov. 10, 2025), the district court's conclusion that "interpreting § 227(c) to include text messages is consistent with the text of § 227 as a whole" **ignores the meaningful-variation canon**— the idea that Congress must have intended distinct words in a statute to have different meanings. Mujahid, 2025 WL 3140725, at *2.

3

*Id.* at *4 (bold emphasis added) (some internal citations omitted).

### B. Statutory analysis in the wake of *McLaughlin* and *Loper-Bright.*

Next, multiple courts have likewise recognized that, where it conflicts with the plain language of the statute, FCC opinions interpreting the TCPA are no longer entitled to deference.

Initially, in *Bradford v. Sovereign Pest Control of TX*, the Fifth Circuit confirmed that FCC interpretations of the TCPA are not entitled to deference where they are contrary to the plain meaning of the statute. *See* 2026 WL 520620, at *2 (5th Cir. Feb. 25, 2026), attached as Exhibit 4. Following the Supreme Court's mandate in *Loper-Bright* and *McLaughlin*, to "interpret the meaning of Congress's enacted text according to ordinary principles of statutory interpretation, without deference to an agency's reading," the Fifth Circuit held that the plain meaning of "prior express consent" under Section 227(b) of the TCPA "encompasses both oral and written consent." 2026 WL 520620 at *2.

In its simple, three-page published opinion, the Fifth Circuit further held that the TCPA's plain meaning "provides no basis" for the FCC's longstanding regulation—in place for more than fourteen years—which interpreted "prior express consent" to require written consent for certain pre-recorded calls, but not others. *Id.* at *2. The Fifth Circuit put it this simply: "[C]ontrary to the FCC's regulation, Congress permits either written or oral consent for any auto-dialed or prerecorded call, as the TCPA specifically permits such calls if the caller has 'the prior express consent of the called party.'" *Id.* (quoting 47 U.S.C. § 227(b)(1), (b)(1)(A),(b)(1)(A)(iii)).

Similarly, in *McGonigle v. Pure Green Franchise Corp.*, the Southern District of Florida granted a motion to stay discovery while it resolved the defendant's

4

pending motion to dismiss on the § 227(c)(5) issue. 2026 WL 111338, at *2 (S.D. Fla. Jan. 15, 2026) (Singhal, J.). The court explained that it was "**crystal clear**… that the Court will ultimately resolve this question by applying the canons of construction, analyzing precedent, and looking to other persuasive court opinions, not by deferring to the Federal Communication Commission's interpretation." *Id*. (emphasis added).

The court further observed that interpreting the term "telephone call" in § 227(c)(5) to encompass text messages "would likely more than double the number of private causes of action authorized by the TCPA," and emphasized that "[d]oubling the scope of the provision is not 'filling up the details'" within the meaning of *Loper-Bright*. *McGonigle*, 2026 WL 111338, at *2 (distinguishing the "oft misquoted passage" from *Loper-Bright* concerning statutes that "expressly delegate" authority or permit agencies to "fill up the details" of a statutory scheme) (quoting *Loper-Bright*, 603 U.S. at 394–95 (cleaned up)).

Here, the plain meaning of Section 227(c)(5) of the TCPA similarly "provides no basis" for the court to follow the FCC's interpretation of "telephone call" to include "text messages." This is particularly true because the FCC's cursory rationale is based on an interpretation of an entirely separate provision of the TCPA, Section 227(b), that *does not even use* the phrase "telephone call." *See* Targeting & Eliminating Unlawful Text Messages, 89 Fed. Reg. 5098, 5101 (Jan. 26, 2024); *see also Facebook v. Duguid*, 592 U.S. 395 (2021) (unanimously reversing Ninth Circuit's expansive interpretation of autodialer under the TCPA, itself based on the FCC's interpretation). Just as *Bradford,* Plaintiff's claim here fails as a matter of law under the plain meaning of the TCPA and must be dismissed.

[*signature on following page*]

Dated: March 4, 2026 Respectfully submitted,

/s/ *Ryan D. Watstein*
Ryan D. Watstein
WATSTEIN TEREPKA LLP
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Tel: (404) 782-0695
ryan@wtlaw.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2026, I caused a true and correct copy of the foregoing to be filed with the Clerk of Court using the CM/ECF system, which will send notice of the electronic filing to all counsel of record.

By: /s/ *Ryan D. Watstein*
Ryan D. Watstein