# EXHIBIT 5

2026 WL 111338
Only the Westlaw citation is currently available.
United States District Court, S.D. Florida.

Andrew James MCGONIGLE, on behalf of himself and others similarly situated, Plaintiff,
v.
PURE GREEN FRANCHISE CORPORATION, Defendant.

CASE NO. 25-61164-CIV-SINGHAL
|
Signed January 15, 2026

**Attorneys and Law Firms**

Rachel E. Kaufman, Avi Robert Kaufman, Kaufman P.A., Miami, FL, for Plaintiff.

Bezalel Adin Stern, Manatt, Phelps & Phillips, Washington, DC, for Defendant.

**ORDER**

PAAG SINGHAL, UNITED STATES DISTRICT JUDGE

 *1 **In the case before the Court,** Plaintiff Andrew James McGonigle has sued Defendant Pure Green Franchise Corporation ("Pure Green") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"). Plaintiff alleges that Defendant Pure Green violated § 227 of the TCPA and 47 C.F.R. § 64.1200(c)—a regulation issued under § 227(c)—by sending, or authorizing the sending, of automated text messages to McGonigle. Defendant moved to dismiss the complaint (DE [20]), and now Defendant has filed a Motion to Stay and/or Bifurcate Discovery (the "Motion") (DE [27]). Defendant argues that its pending Motion to Dismiss Plaintiffs' Complaint (the "Motion to Dismiss") (DE [20]) is dispositive and likely to succeed and, therefore, requests a temporary stay of discovery pending resolution of the motion. In the alternative, Defendant asks this Court to bifurcate discovery between named-plaintiff-specific discovery and class discovery. Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) arguing first, that the TCPA does not grant a private right of action to recipients of text messages, and second, that Plaintiff has not properly pled that Defendant is liable under the TCPA. (Motion to Dismiss (DE [20]), pp. 1-3). The Court has reviewed the pending Motion to Dismiss and agrees with Defendant's assessment that the motion, if granted, would resolve the entire case.

The Eleventh Circuit has expressed concern over the burdens and costs of conducting discovery before potentially dispositive motions are resolved. "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should...be resolved before discovery begins." *Isaiah v. JPMorgan Chase Bank,* 960 F.3d 1296, 1308 (11th Cir. 2020) (quoting *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997)).

At this stage, the Court will not delve too deep into the merits of Defendant's Motion to Dismiss. *See, e.g.*, *Cabrera v. Progressive Behavioral Sci., Inc.,* 331 F.R.D. 185, 186 (S.D. Fla. 2019)* ("While the Court must take a 'preliminary peek' at the motion and the Complaint to see whether the Plaintiff's claims are meritless, the Court is not required to move the Defendants' motion to dismiss to the front of the line, ahead of other cases with pending motions, and fully adjudicate it on the spot. Such a requirement would be unfair to other parties, as well as to the Court." (internal citation omitted)). But, after a preliminary peek at Defendant's Motion to Dismiss, the Court believes that a stay of discovery is appropriate in this case.

Defendant's first argument in support of dismissal is that the private right of action in § 227(c)(5) of the TCPA only applies when someone has received "more than one telephone call," not a text message. 2019 amendments to the TCPA expanding certain provisions to include text messages as well as calls complicates the interpretation of § 227(c)(5). Even though § 227(c) was not directly affected by the amendments, it is not clear, in this preliminary peak, if the amendments changed the definition of "telephone call" to include text message throughout the TCPA.

 *2 What is crystal clear to this Court however, is that the Court will ultimately resolve this question by applying the canons of construction, analyzing precedent, and looking to other persuasive court opinions, not by deferring to the Federal Communication Commission's interpretation. Plaintiff asks this Court to defer under the oft-misquoted passage of *Loper Bright Enterprises v. Raimondo,* 603 U.S. 369, 394-95 (2024):

> For example, some statutes "expressly delegate[ ]" to an agency the authority to give meaning to a particular

statutory term. Others empower an agency to prescribe rules to "fill up the details" of a statutory scheme, or to regulate subject to the limits imposed by a term or phrase that 'leaves agencies with flexibility' such as "appropriate" or "reasonable."

(internal citations omitted). Plaintiff reasons that Congress's express delegation to the Commission in § 227(c)(1)(E) to "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish the purposes of this section" gave the Commission authority to "fill up the details" and determine that "telephone call" includes text messages. That would not be "filling up the details." Determining whether "telephone call" in § 227(c)(5) includes text messages would likely more than double the number of private causes of action authorized by the TCPA. Doubling the scope of the provision is not "filling up the details." In actuality, § 227(c)(1)(E) may run afoul of the nondelegation doctrine, since there are no delimitations on the discretion it grants the Commission. But we do not need to determine that now. Instead, we merely reject Plaintiff's request that we use § 227(c)(1)(E) to resurrect *Chevron* out of the grave. § 227(c)(1)(E) does not require this Court to defer to the Commission's interpretation of § 227(c)(5). And we remind Plaintiff that "agencies have no special competence in resolving statutory ambiguities. Courts do." *Loper Bright*, 603 U.S. at 373.

Because we will ultimately resolve the issue of whether § 227(c) includes a cause of action for text messages by exercising our "special competence in resolving statutory ambiguities," this is a question of law that does not require discovery.

Defendant's other argument is that Plaintiff did not properly plead a theory of liability under the TCPA. (DE [20] pp. 9-19). Similarly to the first issue, whether Plaintiff sufficiently plead direct or vicarious liability is a question of law. Discovery is unnecessary.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion (DE [27]) is **GRANTED.** Discovery shall be stayed pending resolution of Defendant's Motion to Dismiss (DE [20]).

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 15th day of January 2026.

**All Citations**

Slip Copy, 2026 WL 111338

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.