**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| VICTORIA SOBOLESKI, on behalf of herself and others similarly situated,<br><br>    Plaintiff,<br> v.<br><br>TERRASCEND CORP.,<br><br>    Defendant. | Case No.: 4:25-cv-11763-FKB-DRG<br>District Judge F. Kay Behm<br>Magistrate Judge David R. Grand |

**DEFENDANT TERRASCEND CORP.'S RESPONSE TO PLAINTIFF'S**
**NOTICES OF SUPPLEMENTAL AUTHORITY**

Defendant TerrAscend Corp. files this response to Plaintiff's Notices of Supplemental Authority, ECF Nos. 22, 23, which cite *Alvarez v. FiestaNissan, Inc.*, 2026 WL 202930 (S.D. Tex. Jan. 26, 2026) and *Howard v. Republican National Committee*, 164 F.4th 1119 (9th Cir. 2026), respectively.

*Howard* is another example of caselaw that does not address the dispositive issue here: whether the private right of action under 47 U.S.C. § 227(c)(5), which is triggered only by more than one "*telephone* call," extends to text messages. *Howard* involves an entirely separate private cause of action under a different section of the TCPA, Section § 227(b), which regulates using an artificial or prerecorded voice to make a "call," tied to a host of examples included in § 227(b)(1)(A)(iii), like "any telephone number assigned to a paging service." *See Howard*, 164 F.4th at 1126 n.6 ("[T]he question presented here… is whether § **227(b)**(1)(A)(iii) applies to the sending of a text message that includes a video file that is playable only if the recipient affirmatively elects to view it"). Those examples conceivably support the Ninth Circuit's conclusion that § 227**(b)** applies to written messages. Section

227(c)(5), by contrast, has no similar examples; instead, it requires a "telephone call," full stop. Moreover, *Howard's* reasoning is expressly based on Congress's formal recognition that "residential telephone subscribers consider automated or prerecorded telephone calls… to be a nuisance and an invasion of privacy." *Id.* at 16 n.5.

*Howard* never mentions § 227(c) or interprets the language of § 227(c)(5). *See generally id.* Exporting *Howard*'s reasoning to § 227(c)(5) would ignore the structural differences between §§ 227(b) and 227(c).

Next, *Alvarez* addressed the question of whether § 227(c)(5) applies to text messages, but its reasoning is flawed.[1] 2026 WL 202930, *3–5. The court relied on a Seventh Circuit bankruptcy case analyzing a Wisconsin statutory exemption for one "hay loader" and "mower" to determine whether it applied to modern farm equipment. *Id.* at *4 (citing *In re Erickson*, 815 F.2d 1090 (7th Cir. 1987) (Easterbrook, J.)). The Seventh Circuit refused to limit "mower" and "hay loader" to antiquated machinery, holding that the statutory terms applied to modern technology performing the same function. *Id.* Using that premise, *Alvarez* reasoned that restricting "telephone" to 1991-era devices "would prevent an otherwise unlawful voice call using a telephone with any modern features from falling under the statute," and thus concluded modern phones still make "telephone call[s]." *Id.*

---

[1] Many of the other cases Plaintiff cites in the Notice of Supplemental Authority, ECF No. 22, contain no substantive analysis of whether "telephone call" includes text messages because the issue wasn't disputed or the court resolved the motion on other grounds. *See, e.g.*, *Taylor v. Cider Holding Ltd.*, 2026 WL 91453, at *1 (S.D. Fla. Jan. 13, 2026) (acknowledging the parties did not dispute that "a text message constitutes a "call" under the TCPA"); *Hill v. Shoe Carnival, Inc.*, 2026 WL 217776, at *1 (E.D. Tex. Jan. 5, 2026) (granting a motion to dismiss on other grounds, commenting "the court need not decide this question [of whether § 227(c)(5) applies to text messages] today as Plaintiff's claims fail by pleading her own consent.")

While the first part of *Alvarez*'s analysis makes sense, its conclusion misapplies its own logic. The question is not whether a smartphone is still a "telephone." It's whether "telephone call" includes text messages. It does not. *Alvarez* doesn't apply a statutory term to a new scenario; it *rewrites* the term to *update* it "for modern technology," an error the Supreme Court recently and unanimously rejected in interpreting the TCPA itself. *See Facebook Inc. v. Duguid*, 592 U.S. 395, 408–09 (2021).

The only Court in this Circuit to address the question of whether "telephone call" in § 227(c)(5) includes text messages extensively analyzed and rejected *Alvarez*'s reasoning. *See Stockdale v. Skymount Prop. Grp., LLC, et al.*, 2026 WL 591842, at *3 n.5 (N.D. Ohio Mar. 3, 2026). Judge Gaughan acknowledged that while *Alvarez* "did address contemporaneous definitions of both 'call' and 'telephone,' this Court is not convinced by its further analysis that found those definitions include text messages." Analyzing *Alvarez*'s analogy to modern phones, Judge Gaughan explained:

> While a modern cell phone has capabilities that bring the device within the 1991 definition of "telephone," **that is not the issue before this Court**. The question here is whether "call" as modified by "telephone" in 1991 can include text messages. Just because later technology may, by definition, encapsulate earlier technology, it does not follow that the capabilities of the later technology are the equivalent of the capabilities of the earlier technology.

> In 1991, the definition of telephone was limited to voice capabilities. That is not to say that later technology (*e.g.*, cell phones) cannot fit the definition of telephone just because they have additional capabilities, **but the only capability possibly covered by definition of "telephone call" in 1991 was reproducing sound**. Accordingly, capabilities of modern cell phones **beyond reproducing sounds cannot be covered by the plain meaning of**

**"telephone call" in 1991**. To hold otherwise would suggest that **any communication from a modern cell phone is a "telephone call" under the TCPA, which might include messages sent through Internet applications downloaded onto a cell phone**. This broad interpretation of "telephone call" is not supported by the term's plain meaning as defined in 1991.

*Id.*

Dated: March 11, 2026        Respectfully submitted,

*/s/ Ryan D. Watstein*
Ryan D. Watstein
WATSTEIN TEREPKA LLP
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Tel: (404) 782-0695
ryan@wtlaw.com

*Counsel for Defendant*