**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| VICTORIA SOBOLESKI, on behalf of herself and others similarly situated,<br><br>    Plaintiff,<br>  v.<br><br>TERRASCEND CORP.,<br><br>    Defendant. | Case No.: 4:25-cv-11763-FKB-DRG<br><br>District Judge F. Kay Behm<br><br>Magistrate Judge David R. Grand |

<u>**DEFENDANT'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY**</u>

Defendant TerrAscend files this Notice of Supplemental Authority, supporting its Motion for Judgment on the Pleadings and Reply in Support (ECF Nos. 9, 21).

Two more courts have ruled that the term "telephone call" does not include text messages, so texts are not actionable under § 227(c)(5).

First, in *James v. Smarter Contact, Inc.*, the Court thoroughly addressed this issue, ultimately concluding the plain meaning of "telephone call" does not include text messages, granting a motion to dismiss. 2026 WL 879244 (M.D. Fla. Mar. 31, 2026), attached as Exhibit 1. The court began by explaining:

> The ordinary public meaning of "telephone call" in 1991 did not include or embrace a modern text message. Dictionaries from before and after the TCPA's enactment define the noun "call" as "an act or instance of telephoning," . . . or "the act of calling on the telephone," . . . . "Telephone" was defined as "an apparatus, system, or process for transmission of *sound or speech* to a distant point," . . . , and "an instrument for *reproducing sounds* at a distance...one in which *sound is converted* into electrical impulses for transmission by wire," . . . . Thus, a text

> message, which does not use a telephone to reproduce sounds at a distance, is not included or embraced in the ordinary public meaning of "telephone call" from 1991. . . .

*Id.* at *3 (emphasis in original) (internal citations of contemporary dictionaries omitted).

The court then addressed the conflicting caselaw, identifying common analytical errors. To start, many of those courts "improperly use[] definitions of the **verb form of 'call.'**" *Id.* at *3 (citing *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 953–54 (9th Cir. 2009) and *Howard v. Republican Nat'l Comm.*, 164 F.4th 1119, 1123–24 (9th Cir. 2026)). But "in Section 227(c)(5), 'call' is used as a noun[.]" *Id.* at *3.

Moreover, "these other courts compound the error by neglecting to consider the modifying effect on "call" from "telephone" as understood in 1991." *Id.* The Court continued:

> Thus, after limiting this portion of their analysis to the definition of the verb form of "call," James and other courts conclude that a text message is included within the meaning of "telephone call." This is error because, even using the definition of "call" as a verb, a text message is not communicating or attempting to communicate with someone by reproducing sounds at a distance. Therefore, a text message is not included within the meaning of "telephone call" under this approach.

The Court further explained that "[p]roperly considering the modifying effect of "telephone" does not, as one court worries, 'prevent an otherwise unlawful voice call using a telephone with *any* modern features from falling under the statute.'" Id. (quoting A*lvarez v. Fiesta Nissan, Inc.*, 2026 WL 202930, at *5 (S.D. Tex. Jan. 26, 2026)). Rather, the term "telephone" clarifies the scope of "**the much broader "call[.]"** Voice calls from modern telephones still "qualify as 'telephone calls' . . .

2

because they are calling . . . using an instrument that is reproducing sounds at a distance." *Id.* at *4 (italics in original, bold emphasis added) (internal citations omitted).

Next, *Richards v. Fashion Nova, LLC* likewise granted a motion to dismiss on similar grounds, explaining:

> As Defendant points out, text messaging did not exist when the TCPA was enacted in 1991, so "telephone call" would not have included text messages. . . . Likewise, the 1990 edition of Webster's Dictionary defined "call" as "the act of calling on the telephone," and defined "telephone" as "an instrument for reproducing sounds at a distance." Merriam-Webster New Collegiate Dictionary (9th ed. 1990) (emphasis added). . . . . A plain reading of § 227(c)(5) therefore supports Defendant's position that under a plain reading of § 227(c)(5), "telephone call" does not mean text messages. . . .

2026 WL 847568, at *2 (S.D. Ind. Mar. 26, 2026) (internal citations omitted), attached as Exhibit 2; *see also Richards v. Shein Distribution Corporation*, 2026 WL 847584, at *2 (S.D. Ind. Mar. 26, 2026) (order by the same judge likewise granting motion to dismiss for similar reasons), attached as Exhibit 3.

[*signature on following page*]

Dated: April 14, 2026          Respectfully submitted,

*/s/ Ryan D. Watstein*
Ryan D. Watstein
WATSTEIN TEREPKA LLP
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Tel: (404) 782-0695
ryan@wtlaw.com
*Counsel for Defendant*

4

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2026, I caused a true and correct copy of the foregoing to be filed with the Clerk of Court using the CM/ECF system, which will send notice of the electronic filing to all counsel of record.

By: /s/ *Ryan D. Watstein*
Ryan D. Watstein